IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR S. FOLK, | : | Civil No. 3:22-cv-21 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN CATRICIA HOWARD, | : | |
| Respondent | : | |

**MEMORANDUM**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Petitioner Omar Folk ("Folk"), an inmate in the custody of the Federal Bureau of Prisons ("BOP"), housed at the Federal Correctional Institution, Allenwood-Medium, in White Deer, Pennsylvania ("FCI-Allenwood"). Folk seeks review of the BOP's decision to deny his request to be released to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (*Id.*). The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.      Background**

　　**A.     Use of Home Confinement by the BOP**

The BOP has exclusive discretion to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(b). Pursuant to this authority, the BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The BOP "shall, to the extent

practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." *Id.*

On March 26, 2020, the Attorney General issued a Memorandum encouraging the BOP to prioritize home confinement, as appropriate, in response to the COVID-19 pandemic. *See Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic*, https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf (last accessed April 14, 2022). To determine whether home confinement should be authorized, the Attorney General directed the BOP to consider "the totality of circumstances for each individual inmate, the statutory requirements for home confinement, and the following non-exhaustive list of discretionary factors:" (1) the age and vulnerability of the inmate to COVID-19, in accordance with Centers for Disease Control and Prevention ("CDC") guidelines: (2) the security level of the facility currently holding the inmate; (3) the inmate's conduct in prison; (4) the inmate's score under the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"); (5) whether the inmate "has a demonstrated and verifiable re-entry plan that will prevent recidivism and maximize public safety"; and (6) the inmate's crime of conviction and "assessment of the danger posed by the inmate to the community." *Id.*

On March 27, 2020, the CARES Act was implemented, authorizing the Attorney General and the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" due to the COVID-19 pandemic.

CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020).  On April 3, 2020, the Attorney General issued a Memorandum authorizing the Director of the BOP to maximize the use of home confinement for appropriate inmates held at facilities where the Director determines COVID-19 has materially affected operations.  *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, https://www.justice.gov/file/1266661/download (last accessed April 14, 2022).  This Memorandum increased the number of inmates to be assessed for home confinement and directed that the BOP prioritize the most vulnerable inmates at the most affected facilities.  *Id.*  The Memorandum stressed that the BOP should "continue making the careful, individualized determinations BOP makes in the typical case" to remain faithful to its duty to protect the public.  *Id.*  On April 13, 2021, the BOP issued updated guidance regarding the factors to be assessed to ensure inmates are suitable for home confinement under the CARES Act.  (Doc. 6-1, pp. 12-14).  As of April 14, 2022, the BOP has 6,006 inmates on home confinement, with a total number of 40,757 inmates being placed on home confinement from March 26, 2020 to the present.  *COVID-19 Home Confinement Information*, https://www.bop.gov/coronavirus (last accessed April 14, 2022).

**B.    Facts Regarding Folk**

Folk is serving a 264-month term of imprisonment for distribution and possession with intent to deliver cocaine, being a felon in possession of a firearm, and possession of a firearm during and in relation to a drug trafficking offense, imposed by the United States

District Court for the Middle District of Pennsylvania. (Doc. 6-1, pp. 7-9). His projected release date is May 11, 2031, *via* good conduct time. (*Id.*).

On May 14, 2020, an attorney, on behalf of Folk, sent a request to then-Warden Howard requesting that Folk be considered for compassionate release or placed in home confinement due to the ongoing COVID-19 pandemic. (Doc. 6-1, pp. 10-11). On June 1, 2020, Howard denied the request because Folk did not meet the criteria for transfer to home confinement under the CARES Act. (*Id.*).

## II. Discussion

Folk challenges the denial of his pre-release placement *via* 28 U.S.C. § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

Under the CARES Act, the Court has no authority to grant Folk's request for home confinement.[1] "[T]he CARES Act provides the discretion for determining early home confinement release solely to the BOP." *United States v. Mathews*, No. 2:86-cr-197, 2020

---

[1] This Court has no authority to consider a request for compassionate release in a § 2241 petition. *See United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires [compassionate release] motions to be addressed to the sentencing court. . . ."). Folk must seek such relief from his sentencing court. On July 23, 2020, Folk filed a motion for compassionate release with his sentencing court. *See United States v. Folk*, No. 1:11-cr-292, Docs. 225, 226 (M.D. Pa.). The Court denied the request and Folk appealed to the United States Court of Appeals for the Third Circuit. *Id.*, Doc. 232. On appeal, the Third Circuit affirmed. *Id.*, Doc. 235. On January 27, 2022, Folk filed another motion for compassionate release setting forth the same medical claims previously alleged and many of the sentencing claims previously litigated. *Id.*, Docs. 252, 253. The motion remains pending.

4

WL 6781946, at *2 (E.D. Pa. Nov. 18, 2020); *see also United States v. Ramirez-Ortega*, 2020 WL 4805356, at *3 (E.D. Pa. Aug. 14, 2020) ("Importantly, the BOP has sole authority to determine which inmates to move to home confinement" under the CARES Act). Thus, this Court has no authority to review the BOP's home confinement determination or direct the BOP to transfer a prisoner to home confinement. 18 U.S.C. § 3621(b) (BOP's designation as to home confinement "is not reviewable by any court"). *See also United States v. Robinson*, No. 4:07-cr-389-10, 2020 WL 5793002, at *5 n.2 (M.D. Pa. Sept. 28, 2020) ("[T]he Court does not have authority to grant [a] request" for release to home confinement due to the COVID-19 pandemic because "the determination of an inmate's place of incarceration is committed to the discretion of the BOP director"); *Ramirez-Ortega*, 2020 WL 4805356, at *3 (noting that the BOP's home confinement determination "is not reviewable by courts"); *United States v. Pettiway*, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) ("Regardless of the nature of defendant's medical condition or the existence of the coronavirus pandemic, Congress did not provide the courts with the authority to release inmates into home confinement at an earlier time under the CARES Act."). The District Court's review is limited to whether the BOP exceeded its legal authority, acted unconstitutionally, or failed to follow statutory or regulatory authority in denying an inmate's request for home confinement. *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012) (citing *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1991)).

Memoranda from the Attorney General to the Director of the BOP, dated March 26, 2020 and April 3, 2020, set out the factors to guide the BOP's determination regarding requests for home confinement. The plain text of the CARES Act grants additional discretion to the Attorney General and the BOP; it does not require the BOP to release all at-risk, non-violent inmates on home confinement.

The record confirms that Folk was individually and comprehensively reviewed for home confinement under 18 U.S.C. § 3621(b), 18 U.S.C. § 3624(c)(2), the CARES Act, and Memoranda from the Attorney General to the Director of the BOP, dated March 26, 2020 and April 3, 2020. (Doc. 6-1, pp. 10-11). The BOP determined that Folk was not appropriate for referral to home confinement because he does not suffer from a serious underlying medical condition. (*Id.*). Specifically, the BOP found that a medical review determined that Folk has not been diagnosed with a terminal, incurable disease with a life expectancy of eighteen months or less, he is not unable to care for his daily needs, and he is not confined to a bed or wheelchair for greater than 50% of his waking hours. (*Id.*). Additionally, Folk was convicted of drug possession, drug trafficking, and a firearms offense, and, at the time he filed the habeas petition, he had more than eighteen months remaining on his statutory term. (*See* Doc. 6-1, pp. 12-14). Consistent with the Attorney General's Memoranda, Folk is not a priority candidate for home confinement. Thus, Folk cannot demonstrate that the BOP's interpretation of the CARES Act is unreasonable as applied to him. Therefore, the Court cannot grant Folk's request to be released on home confinement.

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: April 14, 2022