IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR S. FOLK, | Civil No. 3:22-cv-21 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN CATRICIA HOWARD, | |
| Respondent | |

## MEMORANDUM

Petitioner Omar Folk ("Folk"), an inmate in the custody of the Federal Bureau of Prisons ("BOP"), initiated this habeas action pursuant to 28 U.S.C. § 2241. (Doc. 1). Presently before the Court is Folk's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 23). For the reasons set forth below, the Court will deny the motion.

### I. Background

In January of 2022, Folk filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he was entitled to immediate release due to the conditions of his confinement. (Doc. 1). On April 14, 2022, the Court denied the habeas petition. (Docs. 9, 10). On February 9, 2023, Folk filed a Rule 60(b)(1) motion, wherein he argued that the Court misconstrued his claim as a request for home confinement under the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), rather than as a general conditions of confinement claim. (Doc. 14). On May 11, 2023, the Court denied the motion and found

that the conditions of confinement claim was non-cognizable, and that Folk failed to show that he was entitled to relief. (Doc. 16).

Folk filed an appeal of the Court's May 11, 2023 Order to the United States Court of Appeals for the Third Circuit. (Doc. 17). On August 23, 2023, the Third Circuit Court of Appeals affirmed this Court's Order. (Docs. 19, 20; *Folk v. Warden Schuylkill FCI*, No. 23-1935 (3d Cir. Aug. 23, 2023)). In affirming this Court's Order, the Third Circuit found that: (1) "this is not the type of 'extreme' case for which a conditions-of-confinement claim is cognizable in § 2241 proceedings"; (2) "[t]o the extent that Folk raised a conditions-of-confinement claim related to the conditions of the facilities or the lack of adequate medical care at FCI-Allenwood, these claims are non-cognizable"; and (3) "[t]o the extent that Folk's claim was properly construed as falling under the CARES Act, the District Court properly concluded that it lacked authority to order that Folk be placed in home confinement." (*Id.*).

Folk now moves, pursuant to Federal Rule of Civil Procedure 60(b)(6), to set aside or correct the Court's May 11, 2023 Order. (Doc. 23).

## II. Discussion

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). The Rule 60(b)(6) catchall provision allows relief for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). A Rule 60(b)(6) motion must be filed "within a reasonable time." FED. R.

CIV. P. 60(c)(1). In order to obtain relief under Rule 60(b)(6), a petitioner must show the existence of "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535; *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535. A showing of extraordinary circumstances involves a showing that without relief from the judgment, an "'extreme' and 'unexpected' hardship will result." *Jackson v. Danberg*, 656 F.3d 157, 165-66 (3d Cir. 2011) (citing *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)).

Folk has not established the requisite extraordinary circumstances. Folk urges this Court to apply *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). In *Loper Bright*, the Supreme Court overruled the longstanding concept of *Chevron* deference. 603 U.S. at 412. Prior to *Loper Bright*, federal courts gave deference to reasonable agency interpretations of statutes administered by the relevant agency. *See Chevron, U.S.A, Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). After *Loper Bright*, federal courts no longer owe such deference and must make their own independent judgments concerning the interpretation of ambiguous statutes administered by federal agencies. *See Loper Bright*, 603 U.S. at 412.

In his Rule 60(b) motion, Folk argues that the Court should apply *Loper Bright* and invalidate BOP Program Statement 5410.01[1] and his 18 U.S.C. § 924(c) conviction, which

---

[1] On November 18, 2022, the BOP issued Program Statement 5410.01, the agency's policy and implementing procedures on FSA time credits under 18 U.S.C. § 3632(d)(4). *See* https://www.bop.gov/inmates/fsa/policies.jsp. Subsequently, on February 6, 2023, and March 10, 2023, the BOP issued Change Notices making several changes to Program Statement 5410.01. *See id.*

would make him eligible for home confinement under 18 U.S.C. § 3624(c)(2). (Doc. 23, at 2). He appears to challenge the BOP's authority to withhold application of his First Step Act ("FSA") time credits under these applicable regulations and statutes. (*Id.*). However, the record shows that Folk does not meet the FSA's eligibility requirements.

The FSA, enacted into law on December 21, 2018, directed the BOP to create recidivism reduction programming and incentives for federal prisoners. 18 U.S.C. § 3632(a)-(d). Under the FSA, eligible inmates who successfully participate in recidivism-reduction programming earn time credits, which can be applied toward prerelease custody or early transfer to supervised release. 18 U.S.C. § 3632(d)(4)(A), 18 U.S.C. § 3624(g). The FSA, however, explicitly bars certain inmates from earning or applying FSA time credit. 18 U.S.C. § 3632(d)(4)(D)-(E). For example, the FSA includes an extensive list of convictions that render a prisoner ineligible to earn time credits. 18 U.S.C. § 3632(d)(4)(D).

Here, Folk was found guilty of distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841, use of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Folk*, No. 1:11-cr-292 (M.D. Pa.). Folk is ineligible to receive FSA time credits because his § 924(c) conviction is a disqualifying offense listed in § 3632(d)(4)(D). 18 U.S.C. § 3632(d)(4)(D) provides that: "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: … Section 924(c), relating to

unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii).

Folk was convicted of use of a firearm in furtherance of a drug trafficking offense pursuant to § 924(c), and he is thus ineligible for the credits he seeks. Because Folk does not meet the statutory requirements, the Court need not address his challenges to the BOP's implementing regulations and policies or his reliance on *Loper Bright*.[2] Therefore, the Court finds that Folk is not entitled to the relief that he seeks and his motion for relief from judgment will be denied.

## III. Conclusion

The Court will deny Folk's Rule 60(b) motion for relief from judgment. (Doc. 23). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: August 20, 2025

---

[2] Nevertheless, Folk's argument that *Loper Bright* allows this Court to overturn the BOP decision that he is ineligible to receive FSA credits is misplaced: the disqualifying offense was specified by Congress in the First Step Act and is not the result of the BOP's interpretation of an ambiguous statute.